UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

MIGUEL GONZALEZ-SANTIAGO,

                                Petitioner,

      v.                                                                           9:20-CV-1314
                                                                                (LEK/TWD)

STANLEY LOVETT, Warden,

                           Respondent.

_____

APPEARANCES:                                          OF COUNSEL:

MIGUEL GONZALEZ-SANTIAGO
Petitioner, pro se
23796-069
Ray Brook Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977

HON. CARLA B. FREEDMAN                          EMER M. STACK, ESQ.
United States Attorney for the                        Ass't United States Attorney
Northern District of New York
Attorney for Respondent
100 S Clinton St
Suite 9000
Syracuse, NY 13261

THÉRÈSE WILEY DANCKS
United States Magistrate Judge

## REPORT-RECOMMENDATION and ORDER

### I.   INTRODUCTION

Petitioner Miguel Gonzalez-Santiago ("Petitioner") seeks federal habeas corpus

relief pursuant to 28 U.S.C. § 2241.  Dkt. No. 1, Petition ("Pet."); Dkt. Nos. 1-2, 1-3,

Exhibits.  On October 27, 2020, this action was administratively closed due to

Petitioner's failure to properly commence it.  Dkt. No. 2, Order Directing Administrative

Closure.  Petitioner was advised if he desired to pursue this action he must so notify the

Court and, within thirty days of the Order, either: (1) pay the filing fee of five dollars, or

(2) submit a completed, signed, and properly certified in forma pauperis ("IFP")

application.  *Id.* at 2.  Petitioner subsequently paid the filing fee and the case was

reopened.  Dkt. Entry dated 11/30/2020 (identifying receipt information for the filing fee

transaction); Dkt. No. 3, Text Order (restoring action to the Court's active docket).

Respondent successfully requested an extension of time to file a response.  Dkt. No. 6,

Letter Motion; Dkt. No. 7, Text Order (granting request).  Respondent subsequently

submitted a response opposing the petition.  Dkt. No. 8, Response to Petition; Dkt. Nos.

8-2, 8-3, Declarations with Attachments.  Petitioner declined to file a reply.

## II.    RELEVANT BACKGROUND

On March 7, 1994, Petitioner was sentenced to concurrent terms of ninety-nine

years' imprisonment following convictions for First Degree Murder, Attempted First

Degree Murder, Robbery, and various Weapons Violations by the Commonwealth of

Puerto Rico.  Dkt. No. 8-2 at 5.[1]  While serving said sentence in the custody of the

Puerto Rico Department of Corrections, Petitioner was engaged in a conspiracy to

possess heroin with intent to distribute, in violation of federal law.  Dkt. No. 8-2 at 2 ¶ 5.

On August 8, 2004, Petitioner entered a plea of guilty to one count of Conspiracy

to Possess with Intent to Distribute Heroin.  Dkt. No. 8-2 at 30.  On November 23, 2004,

the United States District Court for the District of Puerto Rico committed Petitioner to the

custody of the United States Bureau of Prisons ("BOP" or "FBOP") to be imprisoned for

---

[1] Citations to the parties' submissions will refer to the pagination generated by CM/ECF, the Court's electronic filing system.

a term of one hundred eighty-eight months "[t]o be served[: (1)] *consecutively to any undischarged term of imprisonment* being served by [Petitioner] at the time of the commission of the [conspiracy to possess with intent to distribute heroin] . . . [and (2)] *prior to any state sentence*."  Dkt. No. 8-2 at 31 (emphasis added).  Petitioner appealed his judgment of conviction to the United States Court of Appeals for the First Circuit in December of 2004.  Dkt. No. 8-1 at 31-38.[2]

On November 7, 2005, the District of Puerto Rico amended Petitioner's judgment to remove the language which ordered the 188 month sentence to be served "prior to any state sentence."  Dkt. No. 8-2 at 36-40; *compare* Dkt. No. 8-2 at 31 *with* Dkt. No. 8-2 at 37.[3]  The amended judgement instead *recommended* Petitioner "be allowed to serve his Federal Sentence first and then be returned to the Commonwealth of Puerto Rico to serve the remainder of his sentence."  Dkt. No. 8-2 at 37.

In May of 2006, pursuant to an Intergovernmental Agreement, the Commonwealth of Puerto Rico agreed to waive primary custodial jurisdiction of Petitioner and several other inmates serving state sentences "so that they may continue serving the State (Puerto Rico) imposed sentence, and once fulfilled they may begin the Federal imposed sentence."  Dkt. No. 8-2 at 45-46 (letter from Puerto Rico Department of Corrections Secretary to FBOP Director); *see also* Dkt. No. 8-2 at 48-49 (letter from FBOP Regional Director, acknowledging agreement to accept inmates for placement), 51-52 (Report on Changes for Fulfillment of Sentence).  On September 22, 2006, the

---

[2] Petitioner argued: (1) the sentencing court erred by imposing enhancements based on facts Petitioner had not admitted in applying the sentencing guidelines; and (2) his entry of a plea of guilty was not intelligently made.  Dkt. No. 8-1 at 36.

[3] The Amended Judgment lists the "Reason for Amendment" as "Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a)[).]"  Rule 35 states: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  Fed. R. Crim. P. 35(a).

First Circuit affirmed Petitioner's judgment of conviction for Possession with Intent to Distribute Heroin.  Dkt. No. 8-1 at 37.

On December 14, 2015, Petitioner filed a motion in the District of Puerto Rico pursuant to Fed. R. Crim. P. 60(a), as well as any other applicable statute or rule, requesting his sentence run concurrently with, rather than consecutively to, the ninety-nine year term of imprisonment imposed by the Commonwealth of Puerto Rico.  Dkt. No. 8-1 at 4-11.  Petitioner argued he was not proficient in English and believed:

> [H]is [federal] sentence would run concurrent with [the sentence imposed by the Commonwealth of Puerto Rico] . . . This is the main reason why [Petitioner] accepted responsibility (pled guilty). Plus [Petitioner] believed that he would have served his federal sentence first, then return . . . [to the Commonwealth of] Puerto Rico.

Dkt. No. 8-1 at 6.  Petitioner also argued the judgment contained a mechanical error. Dkt. No. 8-1 at 7.

On February 4, 2016, the District of Puerto Rico found "the imposition of a consecutive . . . sentence was not a clerical mistake" as the imposition of a consecutive sentence was consistent with the terms of Petitioner's plea agreement.  Dkt. No. 8-1 at 29.  Further, to the extent Petitioner's motion challenged the constitutionality of his conviction, the District of Puerto Rico construed the motion as a petition for a writ of habeas corpus under 28 U.S.C. § 2255 but reasoned the challenge was time-barred as it had been filed nine years after Petitioner's conviction became final.  *Id.*  Accordingly, the District Court denied Petitioner's motion "insofar as it is a Rule 60 motion" and dismissed it "as untimely insofar as it is a habeas petition under 28 U.S.C. § 2255."  *Id.*

On February 24, 2016, the District of Puerto Rico granted Petitioner's motion to reduce his sentence for Possession with Intent to Distribute Heroin from 188 months to

4

144 months.  Dkt. No. 8-2 at 42-43.  The Order reducing Petitioner's sentence further

stated "[e]xcept as otherwise provided, all provisions of the [November 2005 Amended

Judgment] . . . shall remain in effect."  Dkt. No. 8-2 at 42.  Petitioner is currently

confined at the Federal Correctional Institution in Ray Brook, New York.  Pet. at 1.

## III.    PETITION

Petitioner commenced the instant action by filing a petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241.  Pet.  Petitioner challenges his November 2005,

amended judgment of conviction following entry of a plea of guilty to one count of

Possession with Intent to Distribute Heroin in the District of Puerto Rico.  *See* Pet. at 6-

8; Dkt. No. 8-2 at 36-40.  Petitioner argues the District of Puerto Rico amended said

judgment "without any legal authority" as Fed. R. Crim. P. 35(a) permits correction of a

sentence only within fourteen days of sentencing; therefore, the District of Puerto Rico's

amendment of Petitioner's sentence, following the expiration of the fourteen day period,

is void.  Pet. at 7-8.  Respondent avers the United States District Court for the Northern

District of New York lacks jurisdiction to review Petitioner's claim.  Dkt. No. 8 at 8-15.

## IV.    DISCUSSION

### A. The Instant Petition is a Successive § 2255 Application which the "Savings Clause" Cannot Save

"Title 28 U.S.C. §§ 2241 and 2255 each create mechanisms for a federal

prisoner to challenge his detention, but the two sections offer relief for different kinds of

perceived wrongs."  *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004); *see also*

*Poindexter v. Nash*, 333 F.3d 372, 377 (2d Cir. 2003).  The Second Circuit has

explained "§ 2255 is the appropriate vehicle for a federal prisoner to challenge the

*imposition* of his sentence . . . [§] 2241 by contrast is the proper means to challenge the

*execution* of a sentence." *Adams*, 372 F.3d at 134 (emphasis in original) (first citing *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir.1997), then citing *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)); *see also Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006) ("A challenge to the execution of a sentence—in contrast to the imposition of a sentence—is properly filed pursuant to § 2241.") (citation omitted).

Challenges to the execution of a sentence, which are properly brought under § 2241, concern "matters such as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Levine*, 455 F.3d at 78 (citing *Jiminian*, 245 F.3d at 146; *Poindexter*, 333 F.3d at 377; *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001); *Chambers*, 106 F.3d at 473-75; *Boudin v. Thomas*, 732 F.2d 1107, 1112 (2d Cir. 1984)) (internal quotations and emphasis omitted). By contrast,

> Section 2255 provides relief in cases where the sentence:
> (1) was imposed in violation of the U.S. Constitution or the
> laws of the United States; or (2) was entered by a court
> without jurisdiction to impose the sentence; or (3) exceeded
> the maximum detention authorized by law; or (4) is otherwise
> subject to collateral attack.

*Adams*, 372 F.3d at 134 (citing 28 U.S.C. § 2255); *see also Roccisano v. Menifee*, 293 F.3d 51, 57 (2d Cir. 2002) (explaining, "[a]s a 'general rule,' when collaterally attacking a sentence on the ground that he was convicted in violation of the Constitution or federal law, 'a federal prisoner must use § 2255.'") (quoting *Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997)) (additional citation omitted).

The fact that Petitioner has requested relief pursuant to § 2241 does not require this Court to construe the petition as such. *See James v. Schult*, No. 9:09-CV-0741 (LEK), 2009 WL 1940047, at *3 (N.D.N.Y. July 7, 2009). "Rather, 'it is the substance of

the petition, rather than its form, that governs.'" *Id.* (quoting *Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003) (quoting *James v. Walsh*, 308 F.3d 162, 166 (2d Cir. 2002)) (additional quotations omitted).

Here, Petitioner asks this Court to "declare the [amended] judgment issued by the U.S. District Court for the District of Puerto Rico on Nov[ember] 8, 2005[,] an invalid act, and order B.O.P. officials to execute the only valid judgment[, the judgment] rendered on Nov[ember] 23, 2004." Pet. at 6. In support of this request, Petitioner argues the U.S. District Court for the District of Puerto Rico amended his judgment "without any legal authority to do so" because "the judgment was amended pursuant to Fed. R. Crim. P. 35(a)" after the conclusion of the rule's fourteen day window to correct a sentence; therefore, "the District [J]udge's jurisdiction to alter [Petitioner's] sentence [had] extinguished." Pet. at 8. Petitioner also contends § 2255 is inadequate to resolve the instant matter because he is "challenging the way that B.O.P. officials are carrying out [his] sentence." Pet. at 5. Respondent avers Petitioner's challenge concerns the validity of his federal conviction and, thus, falls within the scope of § 2255. Dkt. No. 8 at 8-10.

Petitioner's challenge to the validity of his amended judgment, contesting the "legal authority" of the District of Puerto Rico to amend his sentence, concerns the imposition of Petitioner's sentence, rather than its execution. *See e.g., Amir v. Barr*, No. 9:20-CV-0306 (GTS/TWD), 2020 WL 1529727, at *4 (N.D.N.Y. Mar. 31, 2020) (finding a petition "brought pursuant to § 2241" was "actually a § 2255 petition in disguise" because petitioner's challenge to the federal court's jurisdiction to convict him "deal[t] with the imposition of petitioner's sentence, not its execution."); *James*, 2009 WL

1940047, at *1-3 (finding the petitioner's "argu[ments] that the federal government lacked jurisdiction to prosecute him, and that the District Court for the Eastern District of Pennsylvania lacked jurisdiction to sentence him" were "challenging the imposition of his sentence, rather than its execution."). Therefore, this Court must treat it as a § 2255 petition. *Cook*, 321 F.3d at 277.[4] However, § 2255 "contains a gate-keeping feature that limits a prisoner's ability to file a second or successive § 2255 motion." *Adams*, 372 F.3d at 135.

Where a petitioner who has previously filed a § 2255 motion seeks to file another, an appropriate court of appeals must certify the new motion contains either:

> "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

*Adams*, 372 F.3d at 135 (quoting 28 U.S.C. § 2255(h)(1)-(2); and citing 28 U.S.C. § 2244(b)); *see also Carmona v. United States*, 390 F.3d 200, 202 (2d Cir. 2004) ("A motion will be regarded as second or successive if a previous habeas petition filed by the movant challenged the same conviction or sentence and was adjudicated on the merits or dismissed with prejudice.") (citing *Corrao v. United States*, 152 F.3d 188, 191

---

[4] Ordinarily, when a district court recharacterizes a pro se petitioner's filing "as a first § 2255 motion[,]" the court must "notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Castro v. United States*, 540 U.S. 375, 383 (2003). The notice requirements do not apply to federal prisoners, like petitioner, who had one or more prior section 2255 motions dismissed on the merits because petitioner is already subject to the gate keeping provisions that require certification from the appropriate court of appeals before any second or successive motion may be considered by the district court. *Adams*, 372 F.3d at 136; *Roccisano*, 293 F.3d at 58.

(2d Cir. 1998); *Mata v. United States*, 969 F.3d 91, 93 (2d Cir. 2020) ("To file a second

or successive motion pursuant to 28 U.S.C. § 2255, a petitioner must 'move in the

appropriate court of appeals for an order authorizing the district court to consider the

application.'") (quoting 28 U.S.C. § 2244(b)(3)(A)).  Petitioner has not satisfied this gate-

keeping provision.  Indeed, his petition makes no reference to either newly discovered

evidence or a new rule of law.  Yet, "[i]n some very limited circumstances, claims that

fall within the substantive scope of § 2255 may properly be made in a petition filed

under § 2241."  *Poindexter*, 333 F.3d at 378 (citing *Jiminian*, 245 F.3d at 147-48;

*Triestman*, 124 F.3d at 373-74, 377-78).

Section 2255(e) allows an application for a writ of habeas corpus to be

entertained, despite a petitioner's previous unsuccessful request for relief, where it

"appears that the remedy by motion is *inadequate or ineffective* to test the legality of his

detention."  28 U.S.C. § 2255(e) (emphasis added).  The Second Circuit has interpreted

this so-called "savings clause . . . to authorize a § 2241 petition only when § 2255 is

unavailable *and* the petition[er] . . . (1) can prove actual innocence on the existing

record, and (2) could not have effectively raised [his] claim[ ] of innocence at an earlier

time[.]"  *Dhinsa v. Krueger*, 917 F.3d 70, 81 (2d Cir. 2019) (quoting *Cephas v. Nash*,

328 F.3d 98, 104 (2d Cir. 2003) (quoting *Triestman*, 124 F.3d at 363 (2d Cir. 1997))

(emphasis in original, internal quotations omitted).  Satisfaction of the savings clause's

requirements is jurisdictional; therefore, a petitioner's failure to do so will warrant

dismissal.  *See id*. ("Because the savings clause articulates a jurisdictional requirement,

a court adjudicating a § 2241 petition must confirm that the savings clause can be

applied at all before proceeding with a full merits review of the petitioner's claims.")

(citing 28 U.S.C. § 2255(e); *Adams*, 372 F.3d at 136); *Cephas*, 328 F.3d at 105 (where a "petitioner invokes § 2241 jurisdiction to raise claims that clearly could have been pursued earlier, or where his asserted innocence is plainly belied by the record, then the savings clause of § 2255 is not triggered and dismissal of the § 2241 petition for lack of jurisdiction is warranted.").

In order for a petitioner to avail himself of this savings clause, "it is insufficient simply that relief under § 2255 is unavailable because . . . a prior motion under § 2255 has been made and a successive motion under that section is disallowed by the court of appeals under the gatekeeping provisions of 28 U.S.C. §§ 2244 and 2255[.]" *Poindexter*, 333 F.3d at 378 (citing *Roccisano*, 293 F.3d at 57; *Jiminian*, 245 F.3d at 147-48). Furthermore, Petitioner has failed to even suggest, much less prove, he is actually innocent of the underlying federal offense. *See Dhinsa*, 917 F.3d at 81 (explaining "[t]o make a threshold showing of 'actual innocence' . . . petitioner 'must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'") (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Therefore, § 2255(e)'s "savings clause" is not applicable.

In sum, Petitioner's challenge to the imposition of his amended judgment of conviction may not be made in a § 2241 application, and Petitioner is unable to sustain an action pursuant to § 2255. Accordingly, dismissal for lack of jurisdiction is warranted. *Dhinsa*, 917 F.3d at 81; *Cephas*, 328 F.3d at 105.

### B. Transferring the Petition to the First Circuit Court of Appeals is Not Recommended

Dismissal, however, may not be the sole permissible disposition of the instant petition. The Second Circuit Court of Appeals has held:

> [W]hen presented with a § 2241 petition raising previously available claims appropriately the subject of a § 2255 motion, district courts should construe the petition as a second or successive § 2255 motion and transfer it to th[e appropriate Court of Appeals] for certification, so long as the prisoner had a prior § 2255 motion dismissed on the merits.

*Jiminian*, 245 F.3d at 148 (citing 28 U.S.C. § 2244(a); *Triestman*, 124 F.3d at 373 n. 17).

Petitioner could have challenged the District of Puerto Rico's use of Fed. R. Crim. P. 35 in his December 2015 motion which was construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2255. Therefore, the instant petition raises a "previously available claim[.]" Additionally, for the reasons discussed above, Petitioner's claim is "appropriately the subject of a § 2255 motion[.]" Finally, because the District of Puerto Rico dismissed Petitioner's December 2015 action "as untimely insofar as it [wa]s a habeas petition under 28 U.S.C. § 2255," Dkt. No. 8-1, Exhibit A at 3, Petitioner has "had a prior § 2255 motion dismissed on the merits." *Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003) (holding "a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes.").

Accordingly, transferring the instant petition to the First Circuit Court of Appeals– which presides over the District of Puerto Rico, where Petitioner's sentence was imposed –would be a permissible disposition. However, courts in this circuit have declined to transfer cases such as Petitioner's which fail to meet the statutory requirements for filing a second or successive § 2255 petition. *See Figueroa v. Fernandez*, No. 9:21-CV-0165 (DNH), 2021 WL 1026969, at *5 (N.D.N.Y. Mar. 17, 2021) ("[T]ransferring this action to the Third Circuit would be a permissible disposition.

11

However, the Court declines to transfer the case because the petition plainly fails to meet the requirements imposed by 28 U.S.C. § 2255(h) for filling a second or successive section 2255 petition.") (citing 28 U.S.C. § 2255(h)(1)-(2)); *Bentley v. Fernandez*, No. 9:18-CV-1025 (MAD/CFH), 2018 WL 4853286, at *5 n.5 (N.D.N.Y. Oct. 5, 2018) ("[T]ransferring this action to the Third Circuit would be a permissible disposition; however, the Court declines to transfer the case to the Third Circuit because the petition plainly does not meet the requirements imposed by 28 U.S.C. § 2255(h) for filling a second or successive section 2255 petition.") (citing 28 U.S.C. § 2255(h)(1)-(2)).

The instant petition similarly fails to meet § 2255(h)'s requirement that a second or successive petition contain either "(1) newly discovered evidence . . . or (2) a new rule of constitutional law . . . that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2). Therefore, the undersigned solely recommends the instant petition be denied and dismissed.

## V.    CONCLUSION

**WHEREFORE**, it is

**RECOMMENDED** that the petition, Dkt. No. 1, be **DENIED and DISMISSED** in its entirety; and it is further

**RECOMMENDED** that no Certificate of Appealability ("COA") shall issue because reasonable jurists would not find it debatable that Petitioner has failed to offer a substantial showing that he was denied a constitutional right. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

**ORDERED** that the Clerk shall serve a copy of this Report-Recommendation and Order on Petitioner, along with copies of unpublished decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.[5] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

**IT IS SO ORDERED.**

Dated: April 28, 2023
        Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[5] If you are proceeding pro se and are served with this Report-Recommendation and Order and by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

2009 WL 1940047
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Hassan JAMES, Petitioner,
v.
Deborah G. SCHULT, Warden,
FCI–Ray Brook, Respondent.

No. 9:09–CV–00741 (LEK).
|
July 7, 2009.

West KeySummary

1   Habeas Corpus 🔑 Post-Conviction Motions
or Proceedings

Habeas Corpus 🔑 Federal Courts

A prisoner convicted of theft-related charges was
not entitled to habeas relief. The prisoner failed
to bring his petition challenging the imposition of
his sentence into the district court that sentenced
him, and the prisoner failed to show that a motion
under § 2255 would be inadequate or ineffective
to obtain the relief he sought. 28 U.S.C.A. §
2255.

**Attorneys and Law Firms**

Hassan James, Ray Brook, NY, pro se.

***DECISION AND ORDER***

LAWRENCE E. KAHN, District Judge.

**\*1** The Clerk has sent to the Court for review a Petition for a
writ of habeas corpus brought by Hassan James ("Petitioner")
pursuant to 28 U.S.C. § 2241 and an application for bail
pending the resolution of his habeas Petition. *See* Dkt. No.
1.[1] Petitioner is a federal prisoner confined at the Ray Brook
Federal Correctional Institution and has paid the required
statutory filing fee.

1   Petitioner's "Verified Petition For Bail Pending
Habeas Corpus Review" is incorporated into his
Petition at pages 12–13. Dkt. No. 1.

**I. BACKGROUND**

In his Petition, Petitioner challenges a December 11, 2008
judgment of conviction in the United States District Court
for the Eastern District of Pennsylvania following his guilty
plea to a five-count indictment charging him with aiding and
abetting the transportation of stolen goods (18 U.S.C. § 2314),
aiding and abetting wire fraud (18 U.S.C. § 1343), aggravated
identity theft (two counts) (18 U.S.C. § 1028A(a)(1), (c)(4),
(5)), and identity document fraud (18 U.S.C. § 1028(a)(3),
(c)(3)(A)). *United States v. James,* No. 2:08–CR–00195–1
(Dkt. Nos. 16 [Plea, 4/17/08]; 33 [Judgment, 12/11/08] ).
Petitioner was sentenced to serve an aggregate term of eighty-
four months in prison. *Id.* at Dkt. No. 33.

Petitioner appealed his conviction. *United States v. James,*
No. 08–4860 (3rd Cir., Notice of Appeal filed 12/16/08). In
a letter filed May 11, 2009, Petitioner's counsel informed
the Third Circuit Court of Appeals that she would be filing
a motion for voluntary dismissal of the appeal pursuant to
Rule 42(b) of the Federal Rules of Appellate Procedure. *Id.*
Counsel attached an unsigned copy of the Motion to her letter.
*Id.* Counsel indicated that once she received the original,
signed copy of the Motion from Petitioner, it would be filed
with the Court. *Id.* In the unsigned Motion, counsel indicates
that she and Petitioner have "concluded that no relief can be
obtained by proceeding with the appeal." *Id.* at Motion, ¶ 3.

In his Petition before this Court, Petitioner appears to be
arguing that the federal government lacked jurisdiction to
prosecute him, and that the District Court for the Eastern
District of Pennsylvania lacked jurisdiction to sentence him.
Specifically, Petitioner states that the federal government
should not have adopted criminal cases brought against him
in various Pennsylvania state courts because doing so was in
"direct contravention" of both state and federal law. *See* Dkt.
No. 1 at 3. Petitioner claims that "no acts of cession have
been granted by Pennsylvania to the United States regarding
the geographical area wherein the alleged offenses" took
place. *Id.* at 5. Petitioner further states that his commitment
to the Ray Brook Federal Correctional Institution is an
"extrajudicial act" by the District Court for the Eastern
District of Pennsylvania "which was without a grant of legal
or lawful authority[.]" *Id.* at 3–4. Petitioner claims that the
District Court invoked jurisdiction over him pursuant to 18

James v. Schult, Not Reported in F.Supp.2d (2009)
2009 WL 1940047
Case 9:20-cv-01314-LEK-TWD   Document 10   Filed 04/28/23   Page 15 of 31

U.S.C. § 3231, which he claims was not enacted into "positive law." *Id.* at 4–8. Thus, according to Petitioner, all actions taken against him by the District Court for the Eastern District of Pennsylvania are null and void. *Id.* at 4, 7.

## II. DISCUSSION

**\*2** Depending on the circumstances, a federal prisoner may challenge his detention under 28 U.S.C. §§ 2241 and 2255. *See* 28 U.S.C. § 2255; *Adams v. United States,* 372 F.3d 132, 134 (2d Cir.2004); *Chambers v. United States,* 106 F.3d 472, 474 (2d Cir.1997). Section 2255 is the proper mechanism for prisoners to attack the imposition of a sentence. *Adams,* 372 F.3d at 134; *McQueen v. Shult,* No. 08–CV–903, 2008 WL 4757356, at \*2 (N.D.N.Y. Oct.28, 2008) (Sharpe, J. adopting Report–Recommendation by Lowe, M.J.). A motion pursuant to section 2255 must be brought in the sentencing court. *See Boumediene v. Bush,* —— U.S. ——, ——, 128 S.Ct. 2229, 2264, 171 L.Ed.2d 41 (2008) (noting that the "purpose and effect" of section 2255 was to make post-conviction proceedings for federal prisoners more efficient by directing claims challenging a federal sentence on the ground that it was imposed in violation of the Constitution or laws of the United States "not to the court that had territorial jurisdiction over the place of the petitioner's confinement but to the sentencing court, a court already familiar with the facts of the case."); *Williams v. Winn,* No. 05 Civ. 40100, 2005 WL 1541099, at \*1 (D.Mass. June 30, 2005) (since "Section 2255 is the correct vehicle for challenging the legality of a sentence ... this Court is without jurisdiction under section 2241 to correct petitioner's sentence.").

By contrast, section 2241 is the proper vehicle to challenge the execution of a sentence. *Adams,* 372 F.3d at 135; 28 U.S.C. § 2241. For example, a petitioner may use a section 2241 petition to challenge a federal official's computation of a sentence, parole decisions, or prison disciplinary actions. *Cook v. New York State Div. of Parole,* 321 F.3d 274, 278 (2d Cir.2003); *Jiminian v. Nash,* 245 F.3d 144, 146 (2d Cir.2001). Petitions filed under section 2241 must name the petitioner's warden as respondent and be filed in the district of the petitioner's confinement. 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla,* 542 U.S. 426, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004).

In rare circumstances, a federal prisoner may challenge the validity of his conviction under section 2241 if he can show that the remedy under section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Cephas v. Nash,* 328 F.3d 98, 104 (2d Cir.2003);

*Triestman v. United States,* 124 F.3d 361 (2d Cir.1997). The Second Circuit discussed this "savings clause" provision at length in *Triestman* and cautioned that its remedy is narrow and exists solely "to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it." *Triestman,* 124 F.3d at 378 (citations omitted). The Court of Appeals for the Second Circuit has found that section 2255 is "inadequate or ineffective" only when the failure to allow collateral review would raise serious constitutional questions because the prisoner "(1) can prove actual innocence on the existing record, and (2) could not have effectively raised [his] claim[s] of innocence at an earlier time." *Cephas,* 328 F.3d at 104 (internal quotation marks omitted) (quoting *Triestman,* 124 F.3d at 363); *see Poindexter v. Nash,* 333 F.3d 372, 378 (2d Cir.2003). If a prisoner cannot make this showing, section 2241 cannot be invoked, and the petition must either be re-cast as a section 2255 motion, or dismissed. *Cephas,* 328 F.3d at 104.

**\*3** The fact that Petitioner has invoked section 2241 does not require the Court to so construe it. Rather, " 'it is the substance of the petition, rather than its form, that' governs." *Cook,* 321 F.3d at 278 (quoting *James v. Walsh,* 308 F.3d 162, 166 (2d Cir.2002)). The gravamen of the Petition before this Court is that Petitioner's conviction is unlawful because the federal government, including the District Court of the Eastern District of Pennsylvania, lacked jurisdiction over him. Dkt. No. 1. Thus, it is clear that Petitioner is challenging the imposition of his sentence, rather than its execution. *See* 28 U.S.C. § 2255(a) (a federal prisoner may challenge his or her conviction on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence[.]"). His Petition should therefore have been brought in the district court that sentenced him. *Boumediene,* 128 S.Ct. at 2264; *Roccisano v. Menifee,* 293 F.3d 51, 57 (2d Cir.2001); *Williams,* 2005 WL 1541099, at \*1.

Petitioner's section 2241 Petition must therefore be dismissed unless he can demonstrate that a remedy under section 2255 is inadequate or ineffective. The savings clause applies in relatively rare cases, and Petitioner "not only must show that relief is procedurally unavailable under § 2255, but also must assert a claim of actual innocence that (a) is 'prov [able] ... on the existing record,' and (b) 'could not have effectively [been] raised ... at an earlier time.' " *Poindexter,* 333 F.3d at 378 (quoting *Triestman,* 124 F.3d at 363). Petitioner has failed to meet this burden.

Petitioner has offered nothing to demonstrate that a motion under section 2255 would be inadequate or ineffective to obtain the relief he seeks. Petitioner has not filed a motion pursuant to section 2255 to vacate, set aside or correct his sentence in the Eastern District of Pennsylvania, and it appears that he may still file a timely motion in that court. [2] Section 2255 is therefore not "procedurally unavailable" to Petitioner. He has also failed to show that he could not have raised his claims earlier on appeal. *See Cephas,* 328 F.3d at 105 ("[W]here ... petitioner invokes § 2241 jurisdiction to raise claims that clearly could have been pursued earlier, or where his asserted innocence is plainly belied by the record, then the savings clause of § 2255 is not triggered and dismissal of the § 2241 petition for lack of jurisdiction is warranted."). Finally, Petitioner makes no claim of actual innocence, which is generally required to establish that a motion under section 2255 would be inadequate or ineffective to test the legality of his detention. *See Bellomo v. United States,* 344 F.Supp.2d 429, 434 (S.D.N.Y.2004) (citing *Cephas,* 328 F.3d at 104).

[2]      A section 2255 motion is subject to a 1–year period of limitation that runs from the latest of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Thus, the section 2255 savings clause does not apply here and this Court lacks jurisdiction to entertain Petitioner's section 2241 Petition in which he challenges the imposition of his sentence. *See Bell v. United States,* No. 08–CV–0215, 2008 WL 1946035, at *2 (N.D.N.Y. Apr. 29, 2008) (Scullin, J., adopting Report–Recommendation of Lowe,

M.J.) (dismissing habeas petition brought pursuant to 28 U.S.C. § 2241 where the petitioner was not sentenced or incarcerated in the Northern District of New York); *Wongus v. Craig,* No. 06–CV–0618, 2006 WL 2862219, at *2 (N.D.N.Y. Oct. 5, 2006) (Sharpe, J.) (dismissing § 2241 petition because petitioner "set forth nothing to demonstrate that he is actually innocent of the acts which he claims were used to enhance his sentence"); *Commodore v. Willingham,* No. 05–CV–841, 2005 WL 3465855, at *3 (D.Conn. Dec. 8, 2005) ("Commodore does not deny committing the crime of which she was convicted. Rather she challenges the enhancement of her sentence under the Sentencing Guidelines. Thus, even if the court were to determine that § 2255 was 'unavailable,' Commodore would not satisfy the *Triestman* standard. Thus, Commodore's claim does not involve 'constitutional errors' that must be heard under § 2241."). [3]  Therefore, Petitioner's habeas petition is dismissed. *See Minnette v. Time Warner,* 997 F.2d 1023, 1026 (2d Cir.1993) ("Whether dismissal or transfer [under 28 U.S.C. § 1406(a) ] is appropriate lies within the sound discretion of the district court.") (citation omitted).

[3]      Even if Petitioner had successfully invoked the savings clause, it is not clear that venue in this District would be appropriate because, as noted, Petitioner's claim is a challenge to the validity of his conviction, which is properly brought only in the sentencing court.

### III. CONCLUSION

**\*4** Based on the foregoing discussion, it is hereby

**ORDERED,** that the Petition for a writ of habeas corpus (Dkt. No. 1) is **DISMISSED;** and it is further

**ORDERED,** that Petitioner's "Verified Petition For Bail Pending Habeas Corpus Review" (Dkt. No. 1 at 12–13) is **DENIED AS MOOT;** and it is further

**ORDERED,** that the Clerk of the Court file judgment accordingly and serve a copy of this Order on Petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

### All Citations

Not Reported in F.Supp.2d, 2009 WL 1940047

**James v. Schult, Not Reported in F.Supp.2d (2009)**
2009 WL 1940047

---

**End of Document**                    © 2023 Thomson Reuters. No claim to original U.S. Government Works.

2020 WL 1529727
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Louis Dior AMIR, Petitioner,

v.

William BARR, United States Attorney, Respondent.

9:20-CV-0306 (GTS/TWD)
|
Signed 03/31/2020

**Attorneys and Law Firms**

LOUIS DIOR AMIR, R31982-160, Petitioner, pro se, Ray
Brook Federal Correctional Institution, P.O. Box 900, Ray
Brook, NY 12977.

**DECISION and ORDER**

GLENN T. SUDDABY, Chief United States District Judge

**I. INTRODUCTION**

 *1  Petitioner Louis Amir filed a petition for a writ of
habeas corpus pursuant to 28 U.S.C. § 2241, as well as
various exhibits in support of his petition. Dkt. No. 1, Petition
("Pet."); Dkt. No. 1-1, Exhibits ("Ex."). [1]  He is confined at
the Federal Correctional Institution ("FCI") in Ray Brook,
New York, and has paid the statutory filing fee. Pet. at 11,
13; Dkt. Entry for Pet. dated 02/14/20 (indicating receipt
information for the filing fee transaction).

[1]     Citations to any submissions or court orders refer to
the pagination generated by CM/ECF, the Court's
electronic filing system.

**II. RELEVANT BACKGROUND**

  **A. Underlying Criminal Conviction**
On November 21, 2011, petitioner was sentenced by the
United States District Court for the Northern District of
Ohio after a jury found him guilty of conspiracy to commit
fraud, perjury, and several counts of wire fraud and money
laundering in violation of 18 U.S.C. §§ 371, 1343, 1623,
and 1957. Ex. at 9-10; see also United States of America v.
Amir, No. 1:10-CR-0439 (N.D.Oh.) ("Amir I"), Dkt. No. 123,

Jury Verdict dated 09/09/11; Dkt. No. 150, Judgment dated
11/21/11. [2]

[2]     Petitioner attached the judgment from his criminal
case to his petition. Ex. at 9-16.

On November 30, 2011, petitioner filed a notice of appeal
with the United States Court of Appeals, Sixth Circuit. Amir
I, Dkt. No. 152. The Sixth Circuit dismissed the appeal. Amir
I, Dkt. Nos. 162, 168, 176. Petitioner then moved to reinstate
the appeal and his request was granted. Amir I, Dkt. No. 192.

While the reinstated appeal was pending, petitioner filed
a habeas corpus petition seeking to vacate his conviction
pursuant to 28 U.S.C. § 2255. Amir I, Dkt. No. 199. The
petition was extremely difficult to decipher, but it appeared
that petitioner alleged the court lacked jurisdiction over
him because he "is not a Citizen of the United States[.]"
Id. at 4; see also id. at 8 (explaining that the federal
government "has obscured the true meaning of united
States of America's government ... [and violated petitioner's]
God given right to freedom by consent through unlawful
legislation by a congress of the United States administrative
federal corporation which does not act in the interest of the
People of the Republic," and that individuals are "Citizens of
their sovereign States ... subjected to a jurisdiction foreign to
their States of residence."). On October 1, 2013, the petition
was dismissed without prejudice because the direct appeal
was pending; however, the Court also noted that petitioner's
"arguments that the United States lacks jurisdiction to
prosecute him for federal crimes because he is a 'natural man'
and a 'Republic Citizen' are frivolous, and similar arguments
have been universally rejected by the Sixth Circuit and other
courts." Amir I, Dkt. No. 231 at 2-3; see also id., Dkt. No. 232
(Judgment dismissing § 2255 petition without prejudice).

The Sixth Circuit then remanded the case back to the
district court for an evidentiary hearing to determine whether
petitioner was deprived of meaningful representation during
his competency hearing. See Amir I, Dkt. No. 247 at 1. On
July 16, 2014, a hearing was conducted, and, on August 21,
2014, the district court determined that petitioner did receive
adequate representation and there was "no reason to vacate
[petitioner's] conviction or sentence." Id. at 6-10. Thereafter,
the Sixth Circuit affirmed petitioner's conviction. Amir I, Dkt.
No. 274.

  **B. Other Habeas Petitions**

Amir v. Barr, Not Reported in Fed. Supp. (2020)

2020 WL 1529727

Case 9:20-cv-01314-LEK-TWD   Document 10   Filed 04/28/23   Page 19 of 31

**\*2** On January 22, 2018, petitioner sought federal habeas relief pursuant to 28 U.S.C. § 2241. *Amir v. Zuniga*, No. 1:18-CV-0039 (W.D.Pa) ("*Amir II*"), Dkt. No. 1, Petition; Dkt. No. 1-1, Exhibits. The substance of the petition challenged the "invalid and illegitimate commitment, detention, imprisonment or otherwise detainment in the custody of the United States," resulting from criminal case number 1:10-CR-0439. *Amir II,* Petition at 1; *see also Amir II*, Exhibits at 72-79 (2011 Judgment in petitioner's criminal case for conspiracy to commit fraud, perjury, and several counts of wire fraud and money laundering). However, the case was not properly commenced because no filing fee or application to proceed in forma pauperis ("IFP") was filed so the case was administratively closed.[3] *Amir II*, Dkt. No. 7, Order Administratively Closing Case.[4] In response, petitioner agreed to administratively closing his civil actions. *Amir II*, Dkt. No. 8 at 2. Further, petitioner denied ever seeking any type of relief in the district courts of Ohio or Pennsylvania or the Third Circuit. *Id.* Moreover, petitioner denied ever previously filing a habeas corpus petition. *Id.* The court provided petitioner with one final chance to properly commence his petition by either paying the filing fee or filing a properly certified IFP application. *Amir II*, Dkt. No. 10. No further submissions were filed with the court.

[3]  The action was initially filed in the United States District Court for the Northern District of Ohio; however, the case was transferred to the Western District of Pennsylvania because, given petitioner's place of incarceration, that was where the petition should have been filed. *See Amir v. Zuniga*, No. 1:18-CV-0159 (N.D.Oh.), Dkt. No. 1, Petition; Dkt. No. 4, Transfer Order dated 02/02/18.

[4]  Petitioner also filed a complaint against the warden, pursuant to 28 U.S.C. § 1331. *Amir v. Zuniga*, No. 3:18-CV-0201 (M.D.Pa), Dkt. No. 1, Complaint. The complaint was transferred to the Western District of Pennsylvania. *Id.*, Dkt. No. 2.

Upon receipt in the Western District, the filing was closed as duplicative of relief petitioner was already pursuing in *Amir III. Amir v. Zungia*, No. 1:18-CV-0038 (W.D.Pa.) ("*Amir IV*"), Dkt. No. 4, Order. Petitioner filed a notice declaring that his filing was not a petition seeking federal habeas relief pursuant to § 2241 and that he consented to the administrative closure of his action. *Amir IV*, Dkt. No. 6, Notice; Dkt. No. 7, Amended Notice. The Court provided petitioner with a final opportunity to commence a petition by either paying the filing fee or submitting an IFP application. *Amir IV*, Dkt. No. 10. While petitioner subsequently filed another notice with the court, it did not comply with the court's prior order; therefore, the action was not reopened. *Amir IV*, Dkt. No. 11.

On August 28, 2018, petitioner's writ for a habeas corpus petition, initially filed in Pennsylvania Supreme Court, was successfully removed to the Federal District Court in the Western District of Pennsylvania ("the Western District"). *Amir v. Williams*, No. 1:18-CV-0241 (W.D.Pa.) ("*Amir III*"), Dkt. No. 1, Notice of Removal. Petitioner asserted that his 2011 criminal conviction, represented in criminal docket No. 1:10-CR-0439 from the Northern District of Ohio, was invalid for lack of evidence and jurisdiction. *Amir III*, Dkt. No. 1-2 at 6, 12-15. Respondent opposed the petition. *Amir III*, Dkt. No. 9, Response.

On December 28, 2018, the Western District dismissed the motion for lack of jurisdiction. *Amir III*, Dkt. No. 10, Memorandum of Law in Opposition. Specifically, the court held that

> [p]etitioner's claims challenge the validity of his conviction and sentence, not the BOP's execution of his sentence[; therefore,] ... given the nature of his claims, the only way that he can challenge the validity of his conviction and sentence is in a § 2255 motion filed with his trial court. He cannot avoid AEDPA's gatekeeping requirements, and in particular here its one-year statute of limitations, by filing a habeas petition in state court, or styling his habeas petition as something other than a § 2241 petition.

*Id.* at 6.

### III. THE PRESENT PETITION

The present petition is nearly impossible to decipher as it is primarily a compilation of various statutory citations and definitions without reference to any facts or specific claims. *See* Pet.[5] However, it is clear that petitioner is again

Amir v. Barr, Not Reported in Fed. Supp. (2020)

2020 WL 1529727

Case 9:20-cv-01314-LEK-TWD   Document 10   Filed 04/28/23   Page 20 of 31

challenging his 2011 sentence, pursuant to a jury verdict, from the Federal District Court in the Northern District of Ohio, for conspiracy to commit fraud, six counts of wire fraud, thirteen counts of money laundering, and perjury in violation of 18 U.S.C. §§ 371, 1343, 1623, 1957. Ex. at 9-16.

5       The present petition was transferred to this Court from the District of Columbia on March 19, 2020. *Amir v. Barr*, No. 1:20-CV-0437 (D.C.), Dkt. No. 1, Petition; Dkt. No. 2, Transfer Order.

**\*3** Petitioner contends that he "has been fraudulently committed to the custody of the Attorney General" and that he "DEMANDS to be DISCHARGED from the custody of the Attorney General ... [and] his acting agent Warden S. Lovett[.]" *Id.* at 1. Specifically, it appears petitioner challenges whether "there was probable cause to believe that [petitioner] ... had committed [a crime] ... against the laws of the United States," and whether the court had proper jurisdiction over petitioner. *Id.* at 10; *see also* Ex. at 16 (indicating petitioner "rebutt[ed the] ... presumption of being within federal jurisdiction[.]"). It also appears that petitioner may be asserting that he received ineffective assistance of counsel as he included a "Notice of Termination of Counsel of Record" as an exhibit in support of his petition. Ex. at 1.

## IV. DISCUSSION

A federal prisoner may challenge his detention under 28 U.S.C. §§ 2241 and 2255. *See* 28 U.S.C. § 2255; *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004); *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997).

Section 2255 is the proper mechanism for prisoners to attack the imposition of a sentence "on the grounds that it was 'imposed in violation of the Constitution.' " *Morales v. United States*, 635 F.3d 39, 42-43 (2d Cir. 2011) (quoting 28 U.S.C. § 2255(a)); *Adams*, 372 F.3d at 134. A motion pursuant to section 2255 must be brought in the sentencing court. *See Boumediene v. Bush*, 553 U.S. 723, 775 (2008) (holding that section 2255 directs claims challenging a federal sentence on the ground that it was imposed in violation of the Constitution or laws of the United States "not to the court that had territorial jurisdiction over the place of the petitioner's confinement but to the sentencing court, a court already familiar with the facts of the case."); *Williams v. Winn*, No. 4:05-CV-4010, 2005 WL 1541099, at *1 (D. Mass. June 30, 2005) ("[As] Section 2255 is the correct vehicle for challenging the legality of a sentence ... this Court is without jurisdiction under section 2241 to correct petitioner's

sentence."). If the motion is denied, a petitioner may seek to appeal the district court's decision in the appropriate court of appeals for the district of sentencing. Rule 11, Rules Governing Section 2255 Proceedings For the United States District Courts); Fed. R. App. P. 4(a) (governing time to take an appeal); Fed. R. App. P. 22 (governing appeals in "Habeas Corpus and Section 2255 Proceedings."). In the event a petitioner seeks to file a second or successive § 2255 motion, the appropriate court of appeals must certify that either

> newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or ... a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, ... was previously unavailable.

28 U.S.C. § 2255 (h)(1)-(2).

By contrast, section 2241 is the proper vehicle to challenge the execution of a sentence. *Adams*, 372 F.3d at 135; 28 U.S.C. § 2241. For example, a petitioner may use a section 2241 petition to challenge a federal official's computation of a sentence, parole decisions, or prison disciplinary actions. *Cook v. N.Y.S. Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003); *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). Petitions filed under section 2241 must name the petitioner's warden as respondent and be filed in the district of the petitioner's confinement. 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 447 (2004).

In rare circumstances, a federal prisoner may challenge the validity of his or her conviction under section 2241 if he or she can show that the remedy under section 2255 is "inadequate or ineffective to test the legality of his [or her] detention." 28 U.S.C. § 2255(e); *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003); *Triestman v. United States*, 124 F.3d 361, 373-74 (2d Cir. 1997). The Second Circuit discussed this "savings clause" provision at length in *Triestman* and cautioned that its remedy is narrow and exists solely "to preserve habeas corpus for federal prisoners in those extraordinary instances where

Amir v. Barr, Not Reported in Fed. Supp. (2020)

Case 9:20-cv-01314-LEK-TWD    Document 10    Filed 04/28/23    Page 21 of 31

2020 WL 1529727

justice demands it." *Triestman,* 124 F.3d at 378 (citations omitted).

 **\*4**  Section 2255 is "inadequate or ineffective" only when the failure to allow collateral review would raise serious constitutional questions because the prisoner "(1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [his] claim[s] of innocence at an earlier time.' " *Cephas,* 328 F.3d at 104 (quoting *Triestman,* 124 F.3d at 363); *see Adams,* 372 F.3d at 135 (holding that the remedy under section 2255 is "*not* inadequate or ineffective simply because the prisoner cannot meet the AEDPA's gate-keeping requirements, so long as the claim the prisoner seeks to raise was previously available to him on direct appeal or in a prior § 2255 petition") (emphasis in original); *Triestman,* 124 F.3d at 376 ("If it were the case that any prisoner who is prevented from bringing a § 2255 petition could, without more, establish that § 2255 is 'inadequate or ineffective,' ... then Congress would have accomplished nothing at all in its attempts–through statutes like the AEDPA–to place limits on federal collateral review.").

While this proceeding is brought pursuant to § 2241, it is actually a § 2255 petition in disguise. Petitioner challenges the legal sufficiency of his conviction and the federal court's jurisdiction to impose it. These arguments deal with the imposition of petitioner's sentence, not its execution. *See Adams,* 372 F.3d at 135 (explaining that a "challenge ... to the jurisdiction of the convicting court ... is a challenged to the imposition of the sentence, not its execution. Thus, § 2255 is the appropriate section under which he must seek relief."). This is also the same challenge to the same criminal conviction via the same method which petitioner attempted, in 2018, in the Western District of Pennsylvania. *Amir III,* Dkt. No. 1, Notice of Removal. The Western District dismissed the petition explaining that because the petition challenged the imposition of petitioner's sentence the proper vehicle to seek relief was a § 2255 petition before the sentencing court in the Northern District of Ohio. *Amir III,* Dkt. No. 10, at 6. No other court can properly exercise jurisdiction over such claims. *Boumediene,* 553 U.S. at 775.

The same logic holds true here. As previously stated, petitioner is again seeking to challenge the imposition of his underlying criminal conviction and sentence which can only be accomplished pursuant to 28 U.S.C. § 2255. *See Adams,* 372 F.3d at 135. This petition must be filed in the jurisdiction which convicted and sentenced petitioner, which is the Northern District of Ohio, unless petitioner can demonstrate that Section 2255 is "inadequate or ineffective."

Petitioner cannot do so here. In order to demonstrate inadequacy or ineffectiveness, petitioner must show that he was actually innocent and could not have previously brought his claims. However, petitioner does not allege or offer any evidence that he was actually innocent. *See Cephas,* 328 F.3d at 105 (dismissing § 2241 petition for lack of jurisdiction where petitioner has a "patent inability to establish [actual innocence pursuant to the record.]"). Nor has petitioner identified any reason he could not have raised these claims earlier. In fact, he raised all of these claims in all of his prior habeas petitions. *See Cephas,* 328 F.3d at 105 ("where ... petitioner invokes § 2241 jurisdiction to raise claims that clearly could have been pursued earlier, or where his asserted innocence is plainly belied by the record, then the savings clause of § 2255 is not triggered and dismissal of the § 2241 petition for lack of jurisdiction is warranted."). Accordingly, the petition is dismissed for lack of jurisdiction.

## V. CONCLUSION
**WHEREFORE**, it is

**ORDERED** that the petition (Dkt. No. 1) is **DISMISSED** for lack of jurisdiction; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon petitioner in accordance with the Court's Local Rules of Practice.

### All Citations

Not Reported in Fed. Supp., 2020 WL 1529727

---

**End of Document**

© 2023 Thomson Reuters. No claim to original U.S. Government Works.

2021 WL 1026969
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Luis FIGUEROA, Petitioner,

v.

Veronica FERNANDEZ, Warden, Respondent.

9:21-CV-0165 (DNH)
|
Signed 03/17/2021

**Attorneys and Law Firms**

LUIS FIGUEROA, 16277-069, Petitioner, pro se, Ray Brook
Federal Correctional Institution, P.O. Box 900, Ray Brook,
NY 12977.

**DECISION and ORDER**

DAVID N. HURD, United States District Judge

**I. INTRODUCTION**

 *1 Pro se petitioner Luis Figueroa ("Figueroa" or
"petitioner") has filed a petition for a writ of habeas corpus
pursuant to 28 U.S.C. § 2241. Dkt. No. 1, Petition ("Pet.");
Dkt. No. 1-1, Exhibit ("Ex."). Petitioner is confined at the
Federal Correctional Institution ("FCI") in Ray Brook, New
York.

On February 12, 2020, this action was administratively closed
because Figueroa failed to properly commence this case;
that is, he did not pay the statutory filing fee or file a
properly certified IFP application. Dkt. No. 2, Order Directing
Administrative Closure. Petitioner later paid the statutory
filing fee and the case was reopened. Dkt. Entry dated
03/01/21 (indicating receipt number for paid filing fee); Dkt.
No. 3, Text Order (reopening case).

**II. RELEVANT BACKGROUND**

 **A. Underlying Criminal Conviction**
Figueroa's criminal history has been described in detail in
several prior court opinions. See, e.g., Figueroa v. Fernandez,
No. 9:18-CV-1024 (LEK/DJS), 2018 WL 5620418 (N.D.N.Y.
Oct. 30, 2018) ("Figueroa IV"). The relevant details are as
follows:

On February 29, 2000, after a trial before the United States
District Court for the District of New Jersey, the jury found
Petitioner guilty of conspiracy to distribute cocaine. United
States v. Figueroa, No. 98-CR-105 (D.N.J. March 31,
2003) ("Figueroa I"), ECF No. 442. The jury did not make
any finding regarding the quantity of cocaine involved in
the conspiracy. Figueroa v. United States, No. 04-CV-1424
(D.N.J. June 30, 2005) ("Figueroa II"), ECF No. 13 at 2.

About four months after the verdict, and before Petitioner
was sentenced, the Supreme Court decided Apprendi v.
New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d
435 (2000). Apprendi held that "[o]ther than a fact of a
prior conviction, any fact that increases a penalty beyond
the prescribed statutory maximum must be submitted to a
jury, and proved beyond a reasonable doubt." 530 U.S. at
490, 120 S.Ct. 2348. In response to Apprendi, the court
empaneled a second jury, over the objection of Petitioner's
trial counsel ..., to determine the quantity of cocaine
involved in the conspiracy. Figueroa II, ECF No. 13 at 3–5.
On February 10, 2003, the second jury found that Petitioner
participated in a conspiracy to distribute five kilograms
or more. Figueroa I, ECF No. 602. The finding increased
Petitioner's maximum sentence from twenty years to life in
prison. 21 U.S.C. § 841(A)(b)(1)(ii) & (C).

....

On March 27, 2003, Petitioner entered into a plea
agreement with the Government in which he agreed to
drop his appeal and waive his right to appeal or attack
his sentence under 28 U.S.C. § 2255. Id. In exchange,
the Government agreed to recommend a prison term of
35 years, instead of life, in prison. Figueroa II, Dkt. No.
13 at 6. The court accepted the agreement and, on March
31, 2003, sentenced Petitioner to 420 months (35 years) in
prison, five years of supervised release, and a $10,000 fine.
Figueroa I, ECF No. 618. Petitioner has indicated he did
not appeal his sentence or conviction. Figueroa v. Meeks,
No. 1:17-CV-284, 2017 WL 9289433, at *1 (D.S.C. Feb.
21, 2017).

 *2 Figueroa IV, 2018 WL 5620418, at *1.

 **B. Initial Post-Conviction Filings**
On March 29, 2004, Figueroa moved under 28 U.S.C. §
2255 to vacate his conviction. Among other things, petitioner
argued (1) "that asking a second jury to find him guilty
of a greater offense that would have resulted in a life

sentence implicated double jeopardy"; and (2) his counsel was ineffective because he had "advised [petitioner] to take the plea, stating that there was no merit to a claim of double jeopardy concerning the empanelment of a sentencing jury after *Apprendi*." *Figueroa v. United States*, 2005 U.S. Dist. LEXIS 48301, at *7-*8 (D.N.J. June 30, 2005) ("*Figueroa III*").

The habeas court denied Figueroa's § 2255 motion. In so doing, *Figueroa III* held that petitioner "entered into the plea agreement knowingly and voluntarily, and certainly there would be no miscarriage of justice in enforcing the agreement," and that "[e]ven considering that [petitioner] has mounted this collateral attack by arguing that his plea was not knowing and voluntary because it was the result of ineffective assistance of counsel, the case will [still] be dismissed." *Figueroa III,* 2005 U.S. Dist. LEXIS 48301, at *13-*14.

Notably, the habeas court also reached the merits of Figueroa's ineffective-assistance claim and concluded that the alleged failure to re-raise the double jeopardy argument, and his related advice to plead guilty instead of facing life in prison, did not amount to ineffective assistance of counsel. *Figueroa III*, 2005 U.S. Dist. LEXIS 48301, at *14-*15. The United States Court of Appeals for the Third Circuit later denied petitioner's request for a certificate of appealability. *Figueroa v. United States*, 2006 U.S. App. LEXIS 32851 (3d Cir. 2006).

Figueroa continued to pursue his post-conviction arguments in the federal courts of the Third Circuit. As this Court recounted in *Figueroa IV*:

From 2005 to 2014, Petitioner filed seven motions either for relief from the judgment or for reconsideration, all of which the court denied. *Id.*, ECF Nos. 17, 27, 29, 33, 39, 45, 54. The Third Circuit denied his requests for certificates of appealability, finding that "jurists of reason would not debate the ... denial[s] of [petitioner's] motion[s]." *Id.*, ECF Nos 44, 59. Petitioner subsequently filed two more notices of appeal, *id.*, ECF Nos. 60, 62, and an amended complaint, *id.*, ECF No. 65. Shortly thereafter, the court directed the clerk not to accept any further filings from Petitioner in the matter. *Id.*, ECF No. 67. It concluded that "Petitioner's claims ha[d] been fully and fairly adjudicated," and that "[h]is continued, frequent filings are inappropriate because the docket is closed." *Id.* "Accordingly, the [c]ourt f[ound] that the ... Clerk ... should no longer be burdened by accepting, scanning, and filing submissions that have no legally cognizable purpose." *Id.*

*Figueroa IV*, 2018 WL 5620418, at *2.

## C. **Other Habeas Petitions and Collateral Attacks**

These warnings did not stop Figueroa, who continued to file post-conviction motions for relief.[1] As relevant here, petitioner filed two subsequent § 2241 petitions in which he asserted the same double jeopardy claim. The first was filed in the District of South Carolina. *Figueroa v. Meeks*, No. 1:17-CV-284, 2017 WL 9289433 (D.S.C. Feb. 21, 2017). There, "petitioner unsuccessfully re-raised the double jeopardy argument [from his § 2255 petition]." *Figueroa IV*, 2018 WL 5620418, at *2 (citing *Meeks,* 2017 WL 9289433, at *2).[2]

1    Figueroa recently filed another habeas petition in this Court pursuant to § 2241 which, on April 22, 2019, was also dismissed as successive. *Figueroa v. Fernandez*, No. 9:19-CV-0373 (GLS), 2019 WL 1762584 (N.D.N.Y. Apr. 22, 2019) ("*Figueroa V*"). In that opinion, this Court provided a detailed history of all of the additional motions petitioner filed collaterally attacking his conviction in addition to petitioner's prior habeas petitions. *Id.* at *2-*4.

2    Petitioner actually filed a second petition in South Carolina. *Ramirez*, 2017 WL 9470774, at *2. The court noted that "[a]lthough [p]etitioner alleges he is not challenging his conviction or sentence, his arguments address the underlying validity of his sentence." *Id.* While "[p]etitioner attempts to invoke § 2255's savings clause, arguing his sentence is a void judgment and therefore § 2241 is the proper vehicle to challenge his unlawful restraint ... [the] argument ... fails to establish that a § 2255 motion is inadequate or ineffective to test the legality of his detention." *Id.*, 2017 WL 9470774, at *3. Accordingly, the petition was dismissed. *Id.*, *adopted by* 2017 WL 4349210 (D.S.C. Oct. 2, 2017). The decision was affirmed by the Fourth Circuit, and, on Oct. 1, 2018, the Supreme Court denied the petition for writ of certiorari. *Figueroa v. Ramirez*, 710 F. App'x 165 (4th Cir. 2018), *cert. denied*, —— U.S. ——, 139 S. Ct. 140, 202 L.Ed.2d 5 (2018). In its decision, the Supreme Court also noted that petitioner "has repeatedly abused this Court's process, [thus] the

Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee ... is paid[.]" *Figueroa*, 139 S. Ct. at 140.

**\*3** The second double-jeopardy petition was filed in this federal judicial district. *Figueroa IV*, 2018 WL 5620418. There, "[p]etitioner again assert[ed] that empaneling the second jury and imposing a sentence above twenty years in prison ... violated the Double Jeopardy Clause," and that his counsel was "constitutionally ineffective for advising him to plead guilty[.]" *Id.* at \*4.

In *Figueroa IV*, this Court held that both arguments were "identical to those presented in many previous motions, including his original § 2255 motion, which the District Court of New Jersey rejected and dismissed after considering the merits." 2018 WL 5620418, at \*4. Moreover, petitioner "d[id] not discuss the evidence before either jury or argue that it was or is insufficient to prove the conspiracy[;]" thus, his contentions of actual innocence were inadequate to constitute the rare circumstances required to award relief. *Id.* Consequently, the Court lacked jurisdiction to provide relief. *Id.*

## III. THE PRESENT PETITION

While Figueroa fails to specifically identify the details of his criminal conviction, it is clear – based upon the information in the petition itself – that he is again challenging his underlying conviction and sentence from the District of New Jersey. *See* Pet. at 2-4 (explaining his conviction involved 5 kilograms of cocaine and a change in sentencing exposure); *id.* at 8-14 (supporting exhibit attached to Petition, specifically a Decision from the United States District Court of New Jersey, outlining petitioner's criminal conviction for conspiracy to distribute cocaine and the impacts of the *Apprendi* decision thereon).

Figueroa contends that he is entitled to relief because the second jury's verdict in his underlying criminal conviction violated the principles of Double Jeopardy. Pet. at 4-7.[3] Specifically, petitioner argues that the "empaneled jury [for his first trial] was properly sworn to return a verdict ... [and t]he court issued a judgment making clear [petitioner] was subject to a statutory maximum period of 20 years." *Id.* at 4.

[3]  Citations to the petition refer to the pagination generated by CM/ECF, the Court's electronic filing system.

Thus, in Figueroa's view, "[t]he second jury trial's result is hereby void on [petitioner's] assertion of his rights under the double jeopardy clause and [petitioner] is therefore actually innocent of § 841(b)(1)(A) because an empaneled and sworn jury has already found him guilty of involvement with a 'measurable amount' only." *Id.* at 5.

Further, Figueroa contends that his sentencing agreement with the government was "void on the principles of contract law ... and the court was without the authority to impose the 35 year sentence[.]" Pet. at 6. Petitioner contends that the terms were coercive, rendering his plea and waiver to appeal invalid. *Id.* at 6-7.

Figueroa argues that 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his conviction because he is actually innocent of the crime, given the way the application of § 841(a)(1) has changed since the original jury returned the verdict in petitioner's underlying criminal proceeding. Pet. at 5-6.

## IV. DISCUSSION

A federal prisoner may challenge his detention under 28 U.S.C. §§ 2241 and 2255. *See* 28 U.S.C. § 2255; *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004); *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997).

**\*4** Section 2255 is the proper mechanism for prisoners to attack the imposition of a sentence "on the grounds that it was 'imposed in violation of the Constitution.' " *Morales v. United States*, 635 F.3d 39, 42-43 (2d Cir. 2011) (quoting 28 U.S.C. § 2255(a)); *Adams*, 372 F.3d at 134.

A motion pursuant to section 2255 must be brought in the sentencing court. *See Boumediene v. Bush*, 553 U.S. 723, 775, 128 S.Ct. 2229, 171 L.Ed.2d 41 (2008) (holding that section 2255 directs claims challenging a federal sentence on the ground that it was imposed in violation of the Constitution or laws of the United States "not to the court that had territorial jurisdiction over the place of the petitioner's confinement but to the sentencing court, a court already familiar with the facts of the case.").

If the motion is denied, a petitioner may seek to appeal the district court's decision in the appropriate court of appeals for

the district of sentencing. Rule 11, Rules Governing Section 2255 Proceedings For the United States District Courts); Fed. R. App. P. 4(a) (governing time to take an appeal); Fed. R. App. P. 22 (governing appeals in "Habeas Corpus and Section 2255 Proceedings.").

By contrast, section 2241 is the proper vehicle to challenge the execution of a sentence. *Adams*, 372 F.3d at 135; 28 U.S.C. § 2241. For example, a petitioner may use a section 2241 petition to challenge a federal official's computation of a sentence, parole decisions, or prison disciplinary actions. *Cook v. N.Y.S. Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003); *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). Petitions filed under section 2241 must name the petitioner's warden as respondent and be filed in the district of the petitioner's confinement. 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 447, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004).

In rare circumstances, a federal prisoner may challenge the validity of his or her conviction under section 2241 if he or she can show that the remedy under section 2255 is "inadequate or ineffective to test the legality of his [or her] detention." 28 U.S.C. § 2255(e); *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003); *Triestman v. United States*, 124 F.3d 361, 373-74 (2d Cir. 1997).

The Second Circuit discussed this "savings clause" provision at length in *Triestman* and cautioned that its remedy is narrow and exists solely "to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it." *Triestman*, 124 F.3d at 378 (citations omitted).

Section 2255 is "inadequate or ineffective" only when the failure to allow collateral review would raise serious constitutional questions because the prisoner "(1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [his] claim[s] of innocence at an earlier time.' " *Cephas*, 328 F.3d at 104 (quoting *Triestman*, 124 F.3d at 363).

While this proceeding is allegedly brought pursuant to § 2241, it is actually a § 2255 petition in disguise. As noted above, petitioner has already filed a habeas petition pursuant to § 2255, in the District of New Jersey, as well as several additional habeas petitions, including, most recently, in this Court.

In the present petition, petitioner again asserts a challenge to the same criminal conviction addressed in his prior habeas petitions. Further, he specifically advances a claim about Double Jeopardy, the exact same claim which was previously discussed and dismissed in three prior habeas petitions. *See Figueroa III*, 2005 U.S. Dist. LEXIS 48301, at *7-*8, *13-*14; *Figueroa IV*, 2018 WL 5620418, at *2, *4 (citing *Meeks*, 2017 WL 9289433, at *2). Accordingly, this petition is second or successive. [4]

[4] Ordinarily, when a district court recharacterizes a pro se petitioner's filing "as a first § 2255 motion[,]" the court must "notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Castro v. United States*, 540 U.S. 375, 383, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003). The notice requirements do not apply to federal prisoners, like petitioner, who had one or more prior section 2255 motions dismissed on the merits because petitioner is already subject to the gate keeping provisions that require certification from the appropriate court of appeals before any second or successive motion may be considered by the district court. *Adams*, 372 F.3d at 136; *Roccisano v. Menifee*, 293 F.3d 51, 58 (2d Cir. 2002).

**\*5** Where, as here, a petitioner files a section 2241 petition

in an attempt to evade § 2255's limits on second or successive petitions, and when the petitioner has already had a prior § 2255 petition dismissed on the merits ... the district court can treat the § 2241 petition as a second or successive § 2255 petition and refer the petition to [the appropriate Court of Appeals] for certification or, if it is plain from the petition that the prisoner cannot demonstrate that a remedy under § 2255 would be inadequate or ineffective to test the legality of his detention, the district

court may dismiss the § 2241 petition for lack of jurisdiction.

*Adams*, 372 F.3d at 136 (citations omitted); *see also Cephas*, 328 F.3d at 104 n.5 ("[I]f it concludes that it lacks jurisdiction over a § 2241 petition, a district court always has the option just to dismiss it.").

Figueroa cannot escape the bar to successive petitions and test the validity of his conviction or sentence to pursuant to section 2241. As previously stated, petitioner has again recycled the same arguments that have previously been dismissed. Accordingly, these arguments were plainly available to petitioner during the course of his first § 2255 petition and were subsequently made during his additional habeas petitions. *See Cephas*, 328 F.3d at 105 ("[W]here ... petitioner invokes § 2241 jurisdiction to raise claims that clearly could have been pursued earlier, or where his asserted innocence is plainly belied by the record, then the savings clause of § 2255 is not triggered and dismissal of the § 2241 petition for lack of jurisdiction is warranted."). In short, the Savings Clause is clearly inapplicable to Figueroa's petition. *See Adams*, 372 F.3d at 135 (denying entitlement to § 2241 where petitioner not only could have raised some of his arguments in prior proceedings, but actually did raise them); *Cephas*, 328 F.3d at 104 (quoting *Triestman*, 124 F.3d at 363).

Further, Figueroa's conclusory allegations that the evolution of case law supports his assertion of actual innocence is plainly belied by his habeas litigation history. His bald assertion of actual innocence does not now make it true. Accordingly, petitioner has failed to establish that this exception applies. *See Cephas*, 328 F.3d at 105 (dismissing § 2241 petition for lack of jurisdiction where petitioner has a "patent inability to establish [actual innocence pursuant to the record.]").

Notably, transferring this action to the Third Circuit would be a permissible disposition. However, the Court declines to transfer the case because the petition plainly fails to meet the requirements imposed by 28 U.S.C. § 2255(h) for filling a second or successive section 2255 petition. 28 U.S.C. § 2255(h)(1)-(2) (requiring that a "second or successive motion" be certified by the appropriate court of appeals to contain either "newly discovered evidence ... sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"). Figueroa fails to advance any credible claims of actual innocence. Instead, petitioner is again attempting to revive arguments previously utilized by him in other habeas petitions challenging the same criminal conviction. The claims have repeatedly been rejected. Accordingly, dismissal of the petition is appropriate.

## V. CONCLUSION

**\*6** In sum, the Court lacks jurisdiction to entertain petitioner's § 2241 petition because he is not challenging the execution of his sentence and he has failed to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention. *Cephas*, 328 F.3d at 104; *Triestman*, 124 F.3d at 363, 378. Accordingly, the petition is dismissed.

Therefore, it is

ORDERED that

1. The petition (Dkt. No. 1) is **DISMISSED** for lack of jurisdiction; and

2. The Clerk of the Court shall serve a copy of this Decision and Order upon petitioner in accordance with the Court's Local Rules of Practice.

IT IS SO ORDERED.

## All Citations

Slip Copy, 2021 WL 1026969

---

                © 2023 Thomson Reuters. No claim to original U.S. Government Works.

**WESTLAW**   © 2023 Thomson Reuters. No claim to original U.S. Government Works.   5

Bentley v. Fernandez, Not Reported in Fed. Supp. (2018)
Case 9:20-cv-01314-LEK-TWD    Document 10    Filed 04/28/23    Page 27 of 31
2018 WL 4853286

2018 WL 4853286
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Tyrone BENTLEY, Petitioner,

v.

Veronica FERNANDEZ, Respondent.

9:18-CV-1025 (MAD/CFH)

|

Signed 10/05/2018

**Attorneys and Law Firms**

TYRONE BENTLEY, 54402-066, Petitioner, pro se, Ray Brook Federal Correctional Institution, P.O. Box 900, Ray Brook, NY 12977.

**DECISION and ORDER**

MAE A. D'AGOSTINO, United States District Judge

**I. INTRODUCTION**

*1 Petitioner Tyrone Bentley filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, as well as a memorandum of law. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1, Memorandum of Law ("P. Mem."). He is confined at the Federal Correctional Institution ("FCI") in Ray Brook, New York, and has paid the statutory filing fee. Dkt. No. 3, Text Order dated 09/10/18; Dkt. Entry dated 09/10/18 (indicating receipt number for the paid filing fee).

**II. RELEVANT BACKGROUND**

On January 6, 2012, petitioner was convicted by a jury, in the United States District Court for the Eastern District of Pennsylvania ("the Eastern District Court"), of conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371, armed bank robbery and aiding and abetting in violation of 18 U.S.C. § 2113(d), and using a firearm during a crime of violence and aiding and abetting in violation of 18 U.S.C. § 924(c)(1). Pet. at 2; *see also United States v. Bentley*, No. 2:10-CR-0525, Dkt. No. 107 at 1, Judgment ("J."); *United States v. Bentley*, 528 F. App'x 247, 248 (3rd Cir. 2013) (hereinafter "*Bentley I*"); *United States v. Bentley*, Nos. 2:10-CR-0525, 2:14-CV-4878, 2015 WL 12743602, at *1 (E.D. Pa. June 10, 2015) (hereinafter "*Bentley II*"). [1] On August 22, 2012, petitioner was sentenced to 408 months in

prison. *United States v. Bentley, No. 2:10-CR-0525, J. at 2-6; Bentley II*, 2015 WL 12743602, at *1. Petitioner appealed, and the United States Court of Appeals for the Third Circuit affirmed the judgment of conviction. *United States v. Bentley*, No. 2:10-CR-0525, Dkt. Nos. 108, Notice of Appeal; 110, Mandate; *see also Bentley I*, 528 F. App'x at 248, 252.

[1]     Citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

On August 20, 2014, petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, in which he argued that (1) "the trial evidence [did not] support his conspiracy conviction;" (2) the imposed sentence "violated *Alleyne v. U[nited States]* and the Double Jeopardy Clause;" (3) the trial court's "jury instructions on aiding and abetting the § 924(c) offense were erroneous under *United States v. Rosemond* [2] ... [which held] that to convict ... under an aiding and abetting theory, a defendant must have, *inter alia*, 'advance knowledge' that his accomplice would use a gun during the crime of violence;" (4) the jury's verdict cannot stand under *Rosemond*; (5) there was a defective indictment "because it did not describe how [petitioner] aided and abetted the § 924(c) offense;" (6) the trial court erred in constructively amending the indictment via incorrect jury instructions; and (7) the government also constructively amended the indictment via its closing arguments. *United States v. Bentley, No. 2:10-CR-0525, Dkt. No. 129 at 2-9, Order dated June 10, 2015; accord Bentley II*, 2015 WL 12743602, at *1-*4. On June 10, 2015, the Eastern District Court dismissed petitioner's motion. *United States v. Bentley, No. 2:10-CR-0525, Order dated June 10, 2015 at 10; accord Bentley II*, 2015 WL 12743602, at *4. With regard to petitioner's contentions that *Rosemond* required his convictions be vacated, the Eastern District Court held that "[b]ecause *Rosemond* ... does not apply retroactively to cases on collateral review," petitioner's arguments were unavailing. *United States v. Bentley, No. 2:10-CR-0525, Order dated June 10, 2015 at 4-5; Bentley II*, 2015 WL 12743602, at *4.

[2]     In *Rosemond*, the Supreme Court held that, in order for a defendant to be guilty for aiding and abetting armed robbery pursuant to § 924(c), the defendant's knowledge of [the principle's use] of a firearm must be advance knowledge ... When an accomplice knows beforehand of a confederate's design to carry a gun, he can attempt to alter that plan or, if unsuccessful,

Bentley v. Fernandez, Not Reported in Fed. Supp. (2018)

2018 WL 4853286

Case 9:20-cv-01314-LEK-TWD    Document 10    Filed 04/28/23    Page 28 of 31

withdraw from the enterprise: it is deciding instead to go ahead with his role ... that shows his intent to aide in an *armed* offense.

*Rosemond v. United States*, 572 U.S. 65, 78 (2014). Accordingly, the "jury instructions should convey ... that the defendant has chosen, with full knowledge, to participate in the illegal scheme...." *Id.* at 79.

**\*2** Petitioner unsuccessfully sought reconsideration of the court's aforementioned order. *United States v. Bentley*, No. 2:10-CR-0525, Dkt. Nos. 131, 136, 137. Petitioner also sought to appeal, and the Third Circuit denied petitioner's request for a certificate of appealability and dismissed the appeal. *Id.,* No. 2:10-CR-0525, Dkt. Nos. 133, Appeal; 134, Clerk's Notice; 138, Mandate. Specifically, with respect to petitioner's arguments surrounding *Rosemond*, the Third Circuit noted that such reliance "to invalidate [petitioner's] aiding and abetting conviction [is missplaced because] *Rosemond* did not announce a new rule of law that applies retroactively to cases on collateral review." *Id.*, No. 2:10-CR-0525, Mandate at 1-2.

On June 23, 2016, petitioner filed a second motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 in which he argued that, in light of the Supreme Court cases *Johnson v. United States* and *Welch v. United States,* petitioner's conviction under § 924(c) must be vacated and his sentence adjusted accordingly. *United States v. Bentley*, No. 2:10-CR-0525, Dkt. No. 141. On July 11, 2018, the Eastern District Court dismissed petitioner's motion as it was a successive petition over which the court had no jurisdiction. *Id.*, No. 2:10-CR-0525, Dkt. No. 147 at 1, Order dated 07/11/18.

### III. THE PRESENT PETITION

In his present petition and memorandum of law, petitioner is again plainly challenging his underlying conviction and sentence. Petitioner contends that he is entitled to relief because, pursuant to the Supreme Court's decision in *Rosemond*, "the trial court's jury instructions were erroneous because they failed to require that [petitioner] knew in advance that his alleged cohort would be armed," and as a result "the jury was not required to find all the elements required in making a finding of guilt as to 18 U.S.C. § 924(c)." P. Mem. at 10, 11-12.

Petitioner argues that 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his conviction because

petitioner "ha[s] previously filed a § 2255 [and a]t this point, [petitioner's] argument is actual innocence, and that can be heard in 2241 under the Savings Clause." Pet. at 4.

### IV. DISCUSSION

A federal prisoner may challenge his detention under 28 U.S.C. §§ 2241 and 2255. *See* 28 U.S.C. § 2255; *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004); *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997). Section 2255 is the proper mechanism for prisoners to attack the imposition of a sentence "on the grounds that it was 'imposed in violation of the Constitution.' " *Morales v. United States*, 635 F.3d 39, 42-43 (2d Cir. 2011) (quoting 28 U.S.C. § 2255(a) ); *Adams*, 372 F.3d at 134. A motion pursuant to section 2255 must be brought in the sentencing court. *See Boumediene v. Bush*, 553 U.S. 723, 775 (2008) (holding that section 2255 directs claims challenging a federal sentence on the ground that it was imposed in violation of the Constitution or laws of the United States "not to the court that had territorial jurisdiction over the place of the petitioner's confinement but to the sentencing court, a court already familiar with the facts of the case."); *Williams v. Winn*, No. 4:05-CV-4010, 2005 WL 1541099, at \*1 (D. Mass. June 30, 2005) ("[As] Section 2255 is the correct vehicle for challenging the legality of a sentence ... this Court is without jurisdiction under section 2241 to correct petitioner's sentence."). If the motion is denied, a petitioner may seek to appeal the district court's decision in the appropriate court of appeals for the district of sentencing. Rule 11, Rules Governing Section 2255 Proceedings For the United States District Courts); Fed. R. App. P. 4(a) (governing time to take an appeal); Fed. R. App. P. 22 (governing appeals in "Habeas Corpus and Section 2255 Proceedings.").

**\*3** By contrast, section 2241 is the proper vehicle to challenge the execution of a sentence. *Adams*, 372 F.3d at 135; 28 U.S.C. § 2241. For example, a petitioner may use a section 2241 petition to challenge a federal official's computation of a sentence, parole decisions, or prison disciplinary actions. *Cook v. N.Y.S. Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003); *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). Petitions filed under section 2241 must name the petitioner's warden as respondent and be filed in the district of the petitioner's confinement. 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 447 (2004).

In rare circumstances, a federal prisoner may challenge the validity of his or her conviction under section 2241 if he or she can show that the remedy under section 2255 is "inadequate or ineffective to test the legality of his [or her] detention."

2018 WL 4853286

28 U.S.C. § 2255(e); *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003); *Triestman v. United States*, 124 F.3d 361, 373-74 (2d Cir. 1997). The Second Circuit discussed this "savings clause" provision at length in *Triestman* and cautioned that its remedy is narrow and exists solely "to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it." *Triestman*, 124 F.3d at 378 (citations omitted). Section 2255 is "inadequate or ineffective" only when the failure to allow collateral review would raise serious constitutional questions because the prisoner "(1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [his] claim[s] of innocence at an earlier time.'" *Cephas*, 328 F.3d at 104 (quoting *Triestman*, 124 F.3d at 363); *see Adams*, 372 F.3d at 135 (holding that the remedy under section 2255 is "*not* inadequate or ineffective simply because the prisoner cannot meet the AEDPA's gate-keeping requirements, so long as the claim the prisoner seeks to raise was previously addressed to him on direct appeal or in a prior § 2255 petition") (emphasis in original); *Triestman*, 124 F.3d at 376 ("If it were the case that any prisoner who is prevented from bringing a § 2255 petition could, without more, establish that § 2255 is 'inadequate or ineffective,' ... then Congress would have accomplished nothing at all in its attempts–through statutes like the AEDPA–to place limits on federal collateral review.").

While petitioner has acknowledged filing a prior section 2255 and claims to comprehend how the Savings Clause works (and how his present petition falls within it), the substance of petitioner's present argument is identical to what he first filed in his original section 2255.[3] Said in simpler terms, while this proceeding is allegedly brought pursuant to section 2241, it is actually a section 2255 petition in disguise. As noted above, petitioner has already filed two section 2255 motions, the first of which the Eastern District Court rejected and dismissed after considering the merits. *United States v. Bentley, No. 2:10-CR-0525, Order dated June 10, 2015 at 10; accord Bentley II*, 2015 WL 12743602, at *4. As a result, this petition is second or successive.[4] When a petitioner files a section 2241 petition

> in an attempt to evade § 2255's limits on second or successive petitions, and when the petitioner has already had a prior § 2255 petition dismissed on the merits ... the district court can treat the § 2241 petition as a second or successive § 2255 petition and

> refer the petition to [the appropriate Court of Appeals] for certification or, if it is plain from the petition that the prisoner cannot demonstrate that a remedy under § 2255 would be inadequate or ineffective to test the legality of his detention, the district court may dismiss the § 2241 petition for lack of jurisdiction.

**\*4** *Adams*, 372 F.3d at 136 (citations omitted); *see also Cephas*, 328 F.3d at 104 n.5 ("[I]f it concludes that it lacks jurisdiction over a § 2241 petition, a district court always has the option just to dismiss it.").

3    Petitioner failed to mention his unsuccessful attempts at directly appealing his conviction, appealing in his first section 2254 petition, or filing his second section 2254 petition. Pet. at 2-6.

4    Ordinarily, when a district court recharacterizes a pro se petitioner's filing "as a first § 2255 motion[,]" the court must "notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Castro v. United States*, 540 U.S. 375, 383 (2003). The notice requirements do not apply to federal prisoners, like petitioner, who had one or more prior section 2255 motions dismissed on the merits because petitioner is already subject to the gate keeping provisions that require certification from the appropriate court of appeals before any second or successive motion may be considered by the district court. *Adams*, 372 F.3d at 136; *Roccisano v. Menifee*, 293 F.3d 51, 58 (2d Cir. 2002).

In this case, the Court concludes that petitioner may not test the validity of his conviction or sentence to pursuant to section 2241. In his petition, petitioner asserts that a section 2255 petition was already filed, but that the arguments for actual innocence that he is now alleging were unavailable to him at the time he initially filed his section 2255 petition given a change in the law. Pet. at 5; P. Mem. at 10. Specifically, the Supreme Court clarified an aspect of accessorial liability,

requiring that a person who aids and abets an armed bank robber must know that the principle will be armed in advance. P. Mem. at 10-11. Petitioner argues that was not the rule which was provided to the jury; therefore, the jury could not find, nor was the prosecution required to prove, every element of that crime. *Id.* at 11-12. This, petitioner argues, violates due process and renders his conviction and sentence unconstitutional. *Id.* at 12-13. For the following reasons, petitioner's arguments are unavailing.

To the extent that petitioner argues that his actual innocence claim, based on *Rosemond,* was previously unavailable to him during his prior section 2255 petitions, such arguments are patently untrue. Petitioner filed his first section 2255 petition in August of 2015, well over a year after *Rosemond* was decided. *Rosemond*, 572 U.S. 65 (2014). Accordingly, the Supreme Court case was not decided during or even after the petition.

Moreover, petitioner knew about the holding and made the exact same argument he is presently making to this Court previously to the Eastern District Court and the Third Circuit in his first section 2254 petition; the argument was rejected by both courts on the merits. *Compare United States v. Bentley, No. 2:10-CR-0525, Order dated June 10, 2015 at 4-5; Bentley II*, 2015 WL 12743602, at *4 (denying petitioner's argument that the trial court's "jury instructions on aiding and abetting the § 924(c) offense were erroneous under *United States v. Rosemond* ... [which held] that to convict ... under an aiding and abetting theory, a defendant must have, *inter alia,* 'advance knowledge' that his accomplice would use a gun during the crime of violence," because "*Rosemond* ... does not apply retroactively to cases on collateral review.") *with* P. Mem. at 10, 11-12 (arguing that pursuant to *Rosemond,* "the trial court's jury instructions were erroneous because they failed to require that [petitioner] knew in advance that his alleged cohort would be armed," and as a result "the jury was not required to find all the elements required in making a finding of guilt as to 18 U.S.C. § 924(c).")." Therefore, the argument was not only plainly available to petitioner during the course of his first section 2255 petition, he actually made the exact same argument. Accordingly, the Savings Clause is clearly inapplicable. *See Adams*, 372 F.3d at 135 (denying entitlement to § 2241 where petitioner not only could have raised some of his arguments in prior proceedings, but actually did raise them); *see also Cephas*, 328 F.3d at 104 (quoting *Triestman*, 124 F.3d at 363).

**\*5** Further, petitioner's present argument remained available during the time petitioner filed his second section 2254, he just failed to raise it. That omission does not now make this a novel issue. *See Love v. Menifee*, 333 F.3d 69, 73 (2d Cir. 2003) (" '[S]erious constitutional questions' are not raised when AEDPA prevents a prisoner from raising a claim that he or she could have raised on direct review or in an earlier section 2255 motion."); *Cephas*, 328 F.3d at 105 ("But where, as in Cephas's case, petitioner invokes § 2241 jurisdiction to raise claims that clearly could have been pursued earlier, or where his asserted innocence is plainly belied by the record, then the savings clause of § 2255 is not triggered and dismissal of the § 2241 petition for lack of jurisdiction is warranted.").

To the extent that petitioner may be understood to request review of the Eastern District Court's or the Third Circuit's determination about the retroactive applicability of *Rosemond,* his request must be denied. This Court lacks jurisdiction to review or reverse the decision of a sister district or circuit court.

In sum, the Court lacks jurisdiction to entertain petitioner's section 2241 petition because he is not challenging the execution of his sentence and he has failed to demonstrate that section 2255 is inadequate or ineffective to test the legality of his detention. *Cephas*, 328 F.3d at 104; *Triestman*, 124 F.3d at 363, 378. Accordingly, the petition is dismissed for lack of jurisdiction. [5]

5  For the reasons discussed herein, transferring this action to the Third Circuit would be a permissible disposition; however, the Court declines to transfer the case to the Third Circuit because the petition plainly does not meet the requirements imposed by 28 U.S.C. § 2255(h) for filling a second or successive section 2255 petition. 28 U.S.C. § 2255(h)(1)-(2) (requiring that a "second or successive motion" be certified by the appropriate court of appeals to contain either "newly discovered evidence ... sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"). Petitioner's claim of actual innocence based on *Rosemond* was known to him in 2014 when he filed his first section

2255 petition. Further, it was raised in that petition and subsequent appeal, and it was rejected, on the merits, by both courts. For the reasons stated above, the Court therefore concludes that dismissal of the petition is appropriate.

## V. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the petition (Dkt. No. 1) is **DISMISSED** for lack of jurisdiction; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon petitioner in accordance with the Court's Local Rules of Practice.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2018 WL 4853286

---

End of Document

© 2023 Thomson Reuters. No claim to original U.S. Government Works.